THE HINTZE & BAKER COMPANY, Respondent, v. T. J. COULTAS, Appellant.

**Kansas City Court of Appeals, March 7, 1892.**

**Practice, Appellate : PROPER SUBMISSION : AFFIRMANCE.** If the issues are correctly submitted on evidence supporting either claim, the verdict was the end of the controversy, and affirmance follows.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Hawley & Snell,* for appellant.

*Lathrop, Morrow & Fox,* for respondent.

GILL, J.—In the years 1883 and 1884 plaintiff sold to defendant various items of merchandise. On this running account defendant made several payments. In the summer of 1884 defendant did work to the amount of $30 for Lindsey, one of plaintiff's employes. Lindsey gave to defendant Coultas an order on plaintiff for this amount which according to the testimony of several witnesses was passed in and credited to Coultas' account on August 9, 1884. This suit was brought August 2, 1884, just before the expiration on the five years from this payment.

The controversy here grows out of the date of this payment. The only defense insisted on is the statute of limitations. Defendant claims that this payment or credit on account of the Lindsay order was made in May, 1884. On trial before jury in the circuit court a verdict and judgment was had in plaintiff's favor for the balance of $269.72, and defendant appealed.

After a careful consideration of this entire record we discover no substantial reason for defendant's appeal. His only defense was patiently heard; the issues were fairly submitted to the jury, who, upon ample evidence have found against him, and the judgment of affirmance will here follow. Notwithstanding the laborious efforts of learned counsel the case is simply this: Suit on account for merchandise sold (the correctness of which account is not disputed); defense that the last payment was more than five years before the institution of this action, and, therefore, barred by the statute of limitations. All admit that if this payment was made August 9, 1884 (as plaintiff alleges), the right of action was perpetuated or extended to August 9, 1889; if on the other hand the said last payment was made in May, 1884 (as claimed by defendant), then the action was barred by the limitation of five years. Now, as already said, these alternative propositions were correctly submitted, on evidence supporting either claim; the issue was found in plaintiff's favor, and thus ends the controversy. We have reviewed the case from every standpoint suggested in counsel's brief, and find no substantial error of which defendant can justly complain.

Judgment affirmed. All concur.